**THOMPSON COBURN LLP**
**LUKAS SOSNICKI (SBN 295895)**
**lsosnicki@thompsoncoburn.com**
**JOSE L. LUA-VALENCIA (SBN 324087)**
**jlua-valencia@thompsoncoburn.com**
**10100 Santa Monica Boulevard, Suite 500**
**Los Angeles, California 90067**
**Tel: 310.282.2500 / Fax: 310.282.2501**

Attorneys for Defendant CHARTER
COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MIGUEL ESPARZA, | Case No. |
| Plaintiff, | |
| v. | **CHARTER COMMUNICATIONS, INC.'S NOTICE OF REMOVAL** |
| CHARTER COMMUNICATIONS, INC, a Delaware corporation d/b/a SPECTRUM.COM, | |
| Defendant. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453(b), Defendant Charter Communications, Inc. ("Charter") hereby removes this putative class action from the California Superior Court for the County of Los Angeles to the United States District Court for the Central District of California, Western Division ("District Court"). This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the amount in controversy exceeds $5 million. *See id.* Removal is timely under 28 U.S.C. § 1446(b)(3).

## STATE COURT ACTION

1.      On or about February 13, 2025, Plaintiff filed a putative class action against Charter in the Superior Court of the State of California, County of Los Angeles.  The Complaint is captioned *Miguel Esparza v. Charter Communications, Inc., a Delaware corporation d/b/a Spectrum.com* (Case No. 25STCV03930) (the "State Court Action").  Plaintiff served the Summons and Complaint on Charter on February 18, 2025.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Charter are attached hereto as **Exhibit A** and are incorporated herein.  No further proceedings in this matter have been held in the State Court Action.

2.      Plaintiff's Complaint alleges a single cause of action for violations of section 631(a) of the California Penal Code.  Plaintiff's cause of action is premised on his claim that Charter provides a chat feature for consumers to use on its website at www.spectrum.com, and that Charter also paid a third-party vendor, Asapp, to embed chat technology code into the chat feature to enable a transcript of the chat and the consumer's data to be simultaneously routed to servers, where the information is saved for later access.  Compl. at ¶¶ 10–11.  Plaintiff characterizes Charter's reliance on this routing software as eavesdropping in violation of the California Invasion of Privacy Act ("CIPA"), codified under section 631(a) of the California Penal Code.  *See id.* at ¶¶ 6, 8, and 17.

3.      The Complaint defines the putative class as "All persons who communicated with [Charter] using the chat feature on [Charter's] Website while physically located in California within the statute of limitations period."  *Id.* at ¶ 24.  The applicable statute-of-limitations period is one year.  Civ. Proc. Code § 340 (one-year statute of limitations applies to actions for penalties under statute); *Serna v. 1-800-Got-Junk? LLC*, 2024 U.S. Dist. LEXIS 155001, *6 (C.D. Cal. Aug. 6, 2024) (one-year statute-of-limitations period applies to CIPA actions).

4.    Plaintiff seeks statutory damages under CIPA as well as attorneys' fees and costs.  *Id.* at Prayer for Relief.

5.    In compliance with 28 U.S.C. § 1446(b)(1), this Notice is filed within 30 days after Charter's receipt of a copy of the initial pleading.

**GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT ("CAFA")**
**(28 U.S.C. § 1332(d))**

6.    The State Court Action is removable under the Class Action Fairness Act of 2005 ("CAFA") (28 U.S.C. §§ 1332(d) and 1453(b)) because minimal diversity exists, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d)(1)(B) (defining "class action" to include state law class actions); 28 U.S.C. § 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 28 U.S.C. § 1446 (permitting removal of such class actions).

7.    <u>Minimal Diversity Exists.</u>  Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2).  Plaintiff alleges that he is a resident and citizen of California.  Compl. at ¶ 4.  Charter is incorporated in the State of Delaware and has its principal place of business in Stamford, Connecticut.  Charter, therefore, is a citizen of the State of Delaware and the State of Connecticut.  *See* 28 U.S.C. § 1332(c)(1).  Accordingly, this action satisfies CAFA's minimal diversity requirement (28 U.S.C. § 1332(d)(2)(A)) because Plaintiff, who is an alleged member of the purported class, is a citizen of state different from Defendant Charter.

8.    <u>The Amount in Controversy Exceeds $5,000,000.</u>  Under CAFA, this Court has jurisdiction over a class action only if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  *Id.* § 1332(d)(2). The claims of the individual class members are aggregated to determine whether the amount-in-controversy requirement is met.  *Id.* § 1332(d)(6).    The amount in

controversy here exceeds $5,000,000.  The civil statutory penalty for a CIPA violation is $5,000 per violation and "three times the amount of actual damages, if any, sustained by the plaintiff" for "[a]ny person who has been injured by a violation" of the statute.  Cal. Penal Code § 637.2.  At least 1,001 individuals are members of the putative class with claims under CIPA.  *See* **Exhibit B** (Kumar Decl.) at ¶ 2 (at least 1,001 persons accessed www.spectrum.com and interacted with that website's chat feature while in California from February 13, 2024, to February 13, 2025); Compl. at ¶ 24 (defining the putative class as such).  Accordingly, the amount-in-controversy requirement under CAFA is satisfied (1,001 x $5,000 = $5,005,000).  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124-25 (9th Cir. 2013) (a defendant may remove to federal court "on the basis of its own information").

9.     No Exception to CAFA Applies.  This action does not fall within any exclusion to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(4) because Charter is not a citizen of the State of California, the state where the action was filed.

## VENUE LIES IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

10.     Venue lies in the Central District of California under 28 U.S.C. §§ 84(c)(2), 1441(a), and 1446(d).  Plaintiff originally brought this action in the Superior Court of California, County of Los Angeles.  Ex. A.

## THE PROCEDURAL AND TIMELINESS REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11.     This Notice is timely as no more than 30 days have elapsed since Charter received notice that Plaintiff's claim was removable and all other procedural requirements are met.  *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the

service of the summons and complaint). Because Plaintiff served Charter with his Complaint on February 18, 2025, the 30-day window to remove this action from State Court has not yet closed, and will do so after March 20, 2025.

12. Removal is timely because this Notice has been timely filed pursuant to Fed. R. Civ. P. 6(a)(1)(C). *See* 28 U.S.C. § 1446(b)(3). As referenced above, this Notice also contains all process, pleadings and orders served on Charter.

13. Following the filing of this Notice in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice will be filed with the Clerk of the Superior Court for the County of Los Angeles.

14. In removing the State Court Action, Charter does not intend to waive any rights or defenses to which it is otherwise entitled under state or federal law, as applicable, including, but not limited to, those set forth in the Federal Rules of Civil Procedure, including, but not limited to, lack of personal jurisdiction, improper service, and misjoinder, and nonjoinder of parties.

WHEREFORE, Defendant respectfully remove this action, currently pending in the Superior Court of the State of California for the County of Los Angeles, as Case No. 25STCV03930, to the United States District Court for the Central District of California.

DATED: March 19, 2025          **THOMPSON COBURN LLP**


By:    */s/ Jose L. Lua-Valencia*
       **LUKAS SOSNICKI**
       **JOSE L. LUA-VALENCIA**
       Attorneys for Defendant CHARTER
       COMMUNICATIONS, INC.

# Exhibit  A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation d/b/a SPECTRUM.COM<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>MIGUEL ESPARZA, individually and on behalf of all others similarly situated | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>2/13/2025 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of Los Angeles<br><br>111 N. Hill Street<br>Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>25STCV03930 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Todd M. Friedman, Adrian R Bacon, 21031 Ventura Blvd., Ste. 340 Woodland Hills, CA 91364, 323-306-4234

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 02/13/2025 | Clerk, by David W. Slayton, Executive Officer/Clerk of Court<br>*(Secretario)* J. Nunez | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

American LegalNet, Inc.
www.FormsWorkflow.com

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

**Electronically FILED by
Superior Court of California,
County of Los Angeles
2/13/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Nunez, Deputy Clerk**

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA
COUNTY OF LOS ANGELES
UNLIMITED JURISDICTION**

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware corporation d/b/a SPECTRUM.COM,<br><br>     Defendant. | Case No.    25STCV03930<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE CALIFORNIA INVASION OF PRIVACY ACT ("CIPA")** |

## I.    INTRODUCTION

Californians increasingly conduct their lives and activities over the Internet, sharing often sensitive personal information with companies by using company websites rather than landline telephones.

Defendant created its own online presence at spectrum.com (the "Website") to communicate with potential customers, encouraging engagement with this electronic medium – Defendant's Website -- as an alternative to the telephonic or in-person interaction.  Defendant did this to enable potential customers to obtain information from and about Defendant's products, and to enable Defendant to elicit information from potential customers about their specific needs and desires.

Defendant well understands that its Website is a means to communicate privately with potential customers – a consumer expectation that is not only reasonable, but actively nurtured by Defendant. Indeed, Defendant assures visitors that *"[y]our privacy is important to Charter"* and *"[w]e value the trust you place in us."* See https://www.spectrum.com/policies/privacy-policy (last accessed December 2024).

Defendant's promise is false.  In reality, Defendant secretly allows a third-party spyware company to eavesdrop on the private conversations of everyone who communicates through the chat feature on the Website.  The spyware company then exploits and monetizes that data in violation of the second clause of section 631(a) of the Penal Code.

Dozens of state and federal courts have held that substantially identical conduct violates the California Invasion of Privacy Act ("CIPA").

## II.    JURISDICTION AND VENUE

1.    As a Court of general jurisdiction, This Court has jurisdiction over all matters presented to it per the mandates of the California Constitution.

2.    Venue is proper in this County in accordance with California Code of Civil Procedure Section 394(b) because "none of the defendants reside in the state."  As such, venue is proper "in any county that the plaintiff may designate in his or her complaint."

3.    Defendant is subject to jurisdiction under California's "long-arm" statute found at California Code of Civil Procedure section 410.10 because the exercise of jurisdiction over Defendant is not "inconsistent with the Constitution of this state or the United States."  Indeed, Plaintiff believes that Defendant generates a minimum of eight percent of its national Website sales to Californians, such that

**CLASS ACTION COMPLAINT**

the Website "is the equivalent of a physical store in California." Since this case involves illegal conduct emanating from Defendant's operation of its Website targeting Californians, California courts can "properly exercise personal jurisdiction" over the Defendant in accordance with the Court of Appeal opinion in *Thurston v. Fairfield Collectibles of Georgia*, 53 Cal. App. 5th 1231, 1235 (2020), *review denied*, No. S264780 (Dec. 9, 2020).

### III.    PARTIES

4.    Plaintiff is a resident and citizen of California. While physically within California within the statute of limitations period, Plaintiff visited Defendant's Website and conducted a brief conversation through the Website's chat feature, sharing personal information in the process. Plaintiff was not advised that the chat was monitored, intercepted, or recorded.

5.    Defendant is a Connecticut-based company that sells phone, TV, and internet access solutions via its website. Defendant also owns, operates, and controls the above website.

### IV.    FACTUAL ALLEGATIONS

**Background of CIPA**

6.    CIPA prohibits wiretapping and eavesdropping of electronic communications without the consent of all parties to the communication. "'[T]he right to control the nature and extent of the firsthand dissemination of [one's] statements'" is viewed by the California Supreme Court "as critical to the purposes of Section 631[.]" *Javier v. Assurance IQ, LLC*, 2023 WL 114225, at *6 (N.D. Cal. Jan. 5, 2023) (Breyer, J.) (quoting *Ribas v. Clark*, 38 Cal. 3d 355, 361 (1985)); *Ribas*, 38 Cal. 3d at 360-61 ("a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation and its simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device"). "[U]nder Section 631, it has always mattered who is holding the tape recorder[.]" *Javier*, 2023 WL 114225, at *6.

7.    Compliance with CIPA is easy, and most website operators comply by conspicuously warning visitors if their conversations are being recorded, intercepted, or eavesdropped upon.

8.    Unlike most companies, Defendant ignores CIPA. Instead, Defendant enables and allows a third party that has no corporate affiliation with Defendant to eavesdrop on all such conversations. Why? Because, as one industry expert notes, "*Live chat transcripts are the gold mines of customer service….At*

*your fingertips, you have valuable customer insight to make informed business decisions. . . .When people are chatting, you have direct access to their exact pain points….").* See https://www.ravience.co/post/improve-marketing-roi-live-chat-transcripts (last visited May 16, 2023) (emphasis added).

9.     Defendant's actions are not incidental to facilitating e-commerce, nor are they undertaken in the ordinary course of business. To the contrary, as noted above, Defendant's actions violate industry norms and the legitimate, reasonable expectations of consumers.

**Defendant Pays A Third Party to Intercept Chats During Transmission.**

10.     To enable the eavesdropping, Defendant secretly pays a third party company called "Asapp" to embed its chat technology code into the chat feature offered on Defendant's Website.  Indeed, whenever a consumer chats via Defendant's Website, the chat is routed through Asapp's servers so they may simultaneously collect a transcript of that chat, along with other user data, in real time and save it for later access.

11.     Asapp's product is a type of automatic routing software that automatically acquires and transmits user chat communications without any active input from either Defendant's employees, agents, or human representatives.  Asapp acquires Website visitors' chat communications by first having its software route them to Asapp's own computer servers that it owns, controls, and maintains.  The secret code enables and allows Asapp to secretly intercept in real time, eavesdrop upon, and store transcripts of consumers' chat communications they think they are having with Defendant, even when such conversations are private and contain personally identifiable information ("PII") – as Plaintiff did. Defendant neither informs visitors of this conduct nor obtains their consent to these intrusions.

12.     At the time of Plaintiff's visit to the Website, the chat widget on the Website did not disclose that chats are conducted and surveilled by Asapp.

13.     As shown by the below screenshot, Visitor PII and a tracking ID are sent to Asapp servers via a websocket connection:

**CLASS ACTION COMPLAINT**



14.    Likewise, as shown by the below screenshot, chat transcripts are routed through Asapp servers:



15.    One might reasonably wonder why Asapp would be interested in intercepting and recording the Website chat interactions between Defendant and unsuspecting visitors to Defendant's Website. There reason is money: Asapp's software is used to gather and analyze customer data for targeted marketing

**CLASS ACTION COMPLAINT**

campaigns. Both Defendant and Asapp profit from secretly exploiting the chat data through targeted social media advertising because "Targeted advertising allows brands to send different messaging to different consumers based on what the brand knows about the customer. The better a brand can demonstrate that it understands what its customers want and need, the more likely customers respond to advertising and engage with the brand…." *See* https://www.adroll.com/blog/what-is-targetedadvertising (last visited May 16, 2023).

16.     Asapp does more than merely provide a storage function for Website users' chat communications with Defendant. It is more than the proverbial "tape-recorder" in the hand of Defendant. Instead, Asapp uses its record of Website users' interaction with Defendant's chat feature for data analytics and marketing/advertising to consumers – indeed, that is why Defendant pays Asapp for its software. Asapp is capable of using, and does use, the intercepted chat communications for its own purposes beyond simply supplying such communications back to Defendant.

17.     Asapp's exploitation, monetization, use of, and interaction with the data it gathers through the chat feature on Defendant's Website in real time makes it a third-party interceptor and eavesdropper known to and enabled by Defendant under CIPA, rather than a mere extension or tool of Defendant and/or party to the communication with Website visitors.

18.     Given the nature of Defendant's business, visitors often share personal and/or confidential data, in addition to personally identifying information, with Defendant via the Website chat feature. Plaintiff did so.

19.     Defendant did not inform Plaintiff that Defendant was secretly aiding, agreeing with, employing, or conspiring with Asapp to intercept and eavesdrop on the conversations during transmission.

20.     Defendant did not obtain Plaintiff's effective consent for the preceding intrusions, nor did Plaintiff know at the time of the conversation of Defendant's conduct.

21.     Within the statute of limitations period, Plaintiff visited Defendant's Website. Plaintiff – like all visitors – shared personal data and personally identifying information with Defendant via the Website chat feature.

22.     Defendant did not inform Plaintiff that Defendant was secretly aiding, agreeing with, employing, or conspiring with Asapp to intercept and eavesdrop on the conversations during transmission.

**CLASS ACTION COMPLAINT**

23. Defendant did not obtain Plaintiff's effective consent for the preceding intrusions, nor did Plaintiff know at the time of the conversation of Defendant's conduct.

## V.    CLASS ALLEGATIONS

24. Plaintiff brings this action individually and on behalf of all others similarly situated (the "Class") defined as follows:

> All persons who communicated with Defendant using the chat feature on Defendant's Website while physically located in California within the statute of limitations period.

25. NUMEROSITY: Plaintiff does not know the number of Class Members but believes the number to be at least 50. The exact identities of Class Members may be ascertained by the records maintained by Defendant.

26. COMMONALITY: Common questions of fact and law exist as to all Class Members, and predominate over any questions affecting only individual members of the Class. Such common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class Member, include but are not limited to the following:

   a.    Whether Defendant allowed Asapp to intercept and utilize transcripts of communications with class members;

   b.    Whether Defendant obtain effective and informed consent to do so;

   c.    Whether Plaintiff and Class Members are entitled to statutory penalties; and

   d.    Whether Class Members are entitled to injunctive relief.

27. TYPICALITY: As a person who conducted a chat with Defendant, Plaintiff is asserting claims that are typical of the Class.

28. ADEQUACY: Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the class action litigation. All individuals with interests that are actually or potentially adverse to or in conflict with the class or whose inclusion would otherwise be improper are excluded.

29. SUPERIORITY: A class action is superior to other available methods of adjudication because individual litigation of the claims of all Class Members is impracticable and inefficient. It

1    would be unduly burdensome to the courts in which individual litigation of numerous cases would

2    proceed.

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**VIOLATIONS OF THE CALIFORNIA INVASION OF PRIVACY ACT
CAL. PENAL CODE § 631**

6        30.    Section 631(a) of California's Penal Code imposes liability upon any entity that "by

7    means of any machine, instrument, contrivance, or in any other manner," (1) "intentionally taps, or makes

8    any unauthorized connection, whether physically, electrically, acoustically, inductively, or otherwise,

9    with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or

10   instrument of any internal telephonic communication system," or (2) "willfully and without the consent

11   of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn

12   the contents or meaning of any message, report, or communication while the same is in transit or passing

13   over any wire, line, or cable, or is being sent from, or received at any place within this state" or (3) "uses,

14   or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so

15   obtained, or who aids, agrees with, employs, or conspires with any person or persons to unlawfully do,

16   or permit, or cause to be done any of the acts or things mentioned above in this section".   Here,

17   Defendant's third party chat provider violated the second clause of section 631(a) of the Penal Code, and

18   Defendant violates the fourth clause or prong because it "aids, agrees with, employs, or conspires with"

19   the Website's third party chat provider to allow such chat provider to intercept, eavesdrop upon, learn,

20   share, and monetize the contents of Defendant's chat conversations.

21       31.    Section 631 of the California Penal Code applies to internet communications and thus

22   applies to Plaintiffs' communications with Defendant's Website.   "Though written in terms of

23   wiretapping, Section 631(a) applies to Internet communications.  It makes liable anyone who 'reads, or

24   attempts to read, or to learn the contents' of a communication 'without the consent of all parties to the

25   communication.'  *Javier v. Assurance IQ, LLC,* 2022 WL 1744107, at *1 (9th Cir. 2022).

26       32.    The spyware embedded into the chat feature of Defendant's Website to record and

27   eavesdrop upon Plaintiff's communications qualifies as a "machine, instrument, contrivance, or … other

28   manner" used to engage in the prohibited conduct alleged herein.

33.    At all relevant times, Defendant intentionally caused the internet communication between Plaintiff and Defendant's Website to be intercepted during transmission and recorded.  Defendant also aided, agreed with, employed, or conspired with Asapp to eavesdrop upon such conversations during transmission and in real time.

34.    Plaintiff sent a pre-filing demand letter notifying Defendant regarding the combined wrongdoing of both Defendant and Asapp, but Defendant did not respond by taking remedial action to eliminate the wrongful conduct.  At minimum, Defendant's conduct may be considered intentional because it had been made aware of its wrongdoing and the wrongdoing of its chat provider by the foregoing pre-filing demand letter, but has taken no remedial action to eliminate the wrongdoing.  *See Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1076 (N.D. Cal. 2023) (Orrick, J.) (citing *Lopez v. Apple, Inc.*, 519 F. Supp. 3d 672, 684 (N.D. Cal. 2021) (White, J.) ("At the pleading stage, … interception may be considered intentional 'where a defendant is aware of the defect causing the interception but takes no remedial action.'") (quoting *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 815 (N.D. Cal. 2020) (Freeman, J.))).

35.    In numerous materially identical cases, courts have held that the above-described allegations state viable claims for violations of section 631(a) of the Penal Code.

36.    Therefore, Plaintiff and class members are entitled to the relief set forth below.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendant:

1.  An order certifying the class and making all appropriate class management orders;

2.  Statutory damages pursuant to CIPA;

3.  Reasonable attorneys' fees and costs; and

4.  All other relief that would be just and proper as a matter of law or equity, as determined by the Court.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated:  February 12, 2025            **LAW OFFICES OF TODD M. FRIEDMAN, P.C**.

                                By:  *Todd M. Friedman*
                                     _____
                                     Todd M. Friedman, Esq.
                                     Attorney for Plaintiff

8

**CLASS ACTION COMPLAINT**

MIGUEL ESPARZA vs. CHARTER COMMUNICATIONS, INC. Docket No. 25STCV03930 (Cal. Super. Ct. Feb 13, 2025), Court

# General Information

| | |
|---|---|
| **Case Name** | MIGUEL ESPARZA vs. CHARTER COMMUNICATIONS, INC. |
| **Court** | California Superior Court |
| **Date Filed** | Thu Feb 13 00:00:00 EST 2025 |
| **Docket Number** | 25STCV03930 |
| **Parties** | FRIEDMAN TODD; CHARTER COMMUNICATIONS INC. DBA SPECTRUM.COM; BACON ADRIAN R.; ESPARZA MIGUEL |

Bloomberg Law®

© 2025 Bloomberg Industry Group, Inc. All Rights Reserved. Terms of Service

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Todd M. Friedman, SBN 216752<br>21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364<br><br>TELEPHONE NO.: 323-306-4234    FAX NO.: 866-633-0228<br>EMAIL ADDRESS: tfriedman@toddflaw.com<br>ATTORNEY FOR *(Name):* Plaintiff Miguel Esparza | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>2/13/2025 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Nunez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Miguel Esparza, et al v. Charter Communications, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $35,000)   [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25STCV03930 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [x] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 1
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case**.** *(You may use form CM-015.)*

Date: February 12, 2025
Todd M. Friedman, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Todd M. Friedman*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

| INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET | CM-010 |

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| Miguel Esparza v. Charter Communications, Inc. et al | 25STCV03930 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| Miguel Esparza v. Charter Communications, Inc. et al | |

| | | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | | ☐ 2307 Construction Accidents | 1, 4 |
| | | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | | Other (35) | ☑ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| Miguel Esparza v. Charter Communications, Inc. et al | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

LASC CIV 109 Rev. 01/23          **CIVIL CASE COVER SHEET ADDENDUM**          LASC Local Rule 2.3

For Mandatory Use                 **AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Miguel Esparza v. Charter Communications, Inc. et al | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 01/23

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Miguel Esparza v. Charter Communications, Inc. et al | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS: |
|---|---|
| CITY:                STATE:        ZIP CODE: | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the  Central Judicial  District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  02/12/2025

*Todd M. Friedman*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>02/13/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Nunez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25STCV03930 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Elaine  Lu | 9 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/13/2025
   (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Nunez_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**



*Superior Court of California, County of Los Angeles*
**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE**

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**

Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**

Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at* www.lacourt.org/ADR/programs.html.
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at* www.lacourt.org/ADR *or email* ADRCivil@lacourt.org.

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at* ADRCivil@lacourt.org.

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit* https://resolvelawla.com.

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

**Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

**FILED**
Superior Court of California
County of Los Angeles

02/24/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ E. Martinez _____ Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

**MIGUEL ESPARZA vs CHARTER COMMUNICATIONS, INC.**

**25STCV03930**

**INITIAL STATUS CONFERENCE ORDER**

This Initial Status Conference Order (Complex Class Actions) supplements a Minute Order served concurrently herewith. That Minute Order sets a date and time for the Initial Status Conference (ISC) and includes many other important provisions which are **NOT** repeated in this Order. Counsel must review that Minute Order carefully to be fully informed of your obligations and the unique processes used in the Los Angeles Superior Court Complex Courtrooms.

Some provisions of this Order refer to wage-and-hour class actions and may not be applicable to other types of class actions. If they are irrelevant to your case, say so in your Joint Initial Status Conference Report.

The parties **MUST** sign up with an e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court, via email to sscdept9@lacourt.org which provider was selected.

Counsel must file a Joint ISC Report five (5) court days (**05/02/2025**) before the ISC. The Joint ISC Report must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not use the Judicial Council Form CM-110 (Case Management Statement) for this purpose. To the extent the parties are unable to agree on the matters to be addressed in the Joint ISC Report, the positions of each party or group of parties must be set forth separately.

The Joint ISC Report must address the following:

1.      Parties and Counsel: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information.

2.      Appearance by defendants: Please indicate whether defendant has filed a Notice of Appearance or Responsive Pleading to the Complaint, and, if so, indicate the filing date(s).

3.      Potential Additional Parties: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

4.      Erroneously Named Parties: If the complaint names the wrong person or entity, why is the party improperly named? What is the proposed procedure to correct this error?

5.      Adequacy of Proposed Class Representative(s): Is one or more named plaintiffs an inadequate class representative? Explain.

1

6.      Estimated Class Size:  What is the estimated class size?

7.      Other Actions with Overlapping Class Definitions/Related Cases:  Please list other cases with overlapping class definitions.  Please identify the court, the short caption title, the docket number, and the case status.

8.      For Wage and Hour Class Actions: (a) Does the operative class action complaint include a PAGA claim for civil penalties? (b) If not, is the same class representative asserting a PAGA claim in a separate pending civil action? (Please identify the other case number and file and serve a Notice of Related Case in both cases.) (c) If not, does plaintiff intend to seek leave to amend the complaint to add a PAGA claim?

9.      Potentially Relevant Arbitration and/or Class Action Waiver Clauses:  Please include a sample of any clause of this sort.   The parties must summarize their views on this issue.

10.     Potential Early Crucial Motions:  What are the significant core issues in the case? Please identify efficient ways to resolve those issues.  The vehicles may include:

*       Early motions in limine
*       Early motions about particular jury instructions
*       Demurrers
*       Motions to strike
*       Motions for judgment on the pleadings, and
*       Motions for summary judgment and summary adjudication.

11.     Class Contact Information:  Does plaintiff need class contact information from the defendant's records?  If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. V. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel?  If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

12.     Protective Orders:  Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

13.     Discovery:  Do the parties agree on a plan?  If not, can the parties negotiate a compromise?  At minimum, please summarize each side's views on discovery.  The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits.  The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need.  If any party seeks discovery from absent class members, please estimate how many, and also state the kind of discovery you propose[1].

14.     Insurance Coverage:  Is there insurance for indemnity or reimbursement?

---

[1] California Rule of Court, Rule 3.768.

15.    Alternative Dispute Resolution: Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

16.    Timeline for Case Management: Please recommend dates and times for the following:

•    The next status conference, if needed. The court does not schedule status conferences for most cases. Rather, the court gives deadlines for the filing of motions for class certification with non-appearance case management reviews set a few days after the filing deadlines.
•    A schedule for alternative dispute resolution, if it is relevant.
•    A filing deadline for the motion for class certification.
•    Filing deadlines and descriptions for other anticipated non-discovery motions.

17.    Electronic Service of Papers and eFiling: The Court will issue an Order requiring an electronic service provider. While the parties are free to choose one of the two services shown below, this Court (Department 9) prefers that the parties select:

▪ **Case Anywhere** (http://www.caseanywhere.com)
        o The parties are not required to select Case Anywhere, but may choose instead

▪ File & Serve Xpress (https://secure.fileandservexpress.com)

Please agree on one and submit the parties' choice when filing the Joint Initial Status Conference Report. If there is agreement, please identify the vendor. If parties cannot agree, the Court will select the vendor at the Initial Status Conference. Electronic service is not the same as electronic filing. Pursuant to Los Angeles Superior Court, rule 3.4(a), represented litigants are required to electronically file documents with the Court through an approved Electronic Filing Service Provider. For information on electronic filing in the Complex Courts, please refer to http://www.lacourt.org/division/efiling/pdf/ComplexefilingFAQs.pdf

18.    Service of the ISC Order: Plaintiffs' counsel must serve this ISC Order on counsel for Defendant, or if counsel is unknown, on Defendant within five (5) days of service of this Order. Within five court days of service of this Order, each defendant must file a Notice of Appearance for purposes of identification of counsel and preparation of a service list.

19.    Service of the Complaint:   If the Complaint has not been served as of the date of this Order, Counsel for Plaintiff must serve the Complaint within five (5) days of service of this Order and file Proof of Service of the Complaint.

//
//
//
//
//
//
//

Except as otherwise provided in the ISC Orders, these proceedings are stayed in their entirety, including discovery under CCP §2016.090.  All management stays, including stays of discovery issued by the Court, are not a stay per Code of Civil Procedure section 583.310 unless specifically ordered by the Court.

IT IS SO ORDERED.

DATED: February 24, 2025

Elaine Lu / Judge

Judge of the Superior Court

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 9

**25STCV03930**                                                    February 24, 2025
**MIGUEL ESPARZA vs CHARTER COMMUNICATIONS,**                              9:00 AM
**INC.**

Judge: Honorable Elaine Lu                    CSR: None
Judicial Assistant: E. Martinez               ERM: None
Courtroom Assistant: M. Tavakoli              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): No Appearances

For Defendant(s):  No Appearances

**NATURE OF PROCEEDINGS:** Court Order Regarding Newly Filed Class Action;

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has assigned this case to this department for all purposes.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Los Angeles Superior Court, within ten (10) days of service of this order.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 05/09/2025 at 10:00 AM in this department. At least ten (10) days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. Counsel must file a Joint Initial Status Conference Response Statement five (5) court days before the Initial Status Conference.

The Initial Status Conference Order, served concurrently with this Minute Order, is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**25STCV03930**                                                           February 24, 2025
**MIGUEL ESPARZA vs CHARTER COMMUNICATIONS,**                9:00 AM
**INC.**

Judge: Honorable Elaine Lu                    CSR: None
Judicial Assistant: E. Martinez               ERM: None
Courtroom Assistant: M. Tavakoli              Deputy Sheriff: None

Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6. Nothing in this order stays the filing of an Amended Complaint pursuant to Labor Code Section 2699.3(a)(2)(C) by a plaintiff wishing to add a Private Attorney General Act ("PAGA") claim.

For information on electronic filing in the Complex Courts, please refer to https://www.lacourt.org/division/efiling/efiling2.aspx#civil. See, in particular, the link therein for "Complex Civil efiling." Parties shall file all documents in conformity with the Presiding Judge's First Amended General Order of May 3, 2019, particularly including the provisions therein requiring Bookmarking with links to primary documents and citations; that Order is available on the Court's website at the link shown above.

For efficiency in communication with counsel, the complex program requires the parties in every new case to use an approved third-party cloud service that provides an electronic message board. In order to facilitate communication with counsel prior to the Initial Status Conference, the parties must sign-up with the e-service provider at least ten (10) court days in advance of the Initial Status Conference and advise the Court which provider was selected.

The court has implemented LACourtConnect to allow attorneys, self-represented litigants and parties to make audio or video appearances in Los Angeles County courtrooms. LACourtConnect technology provides a secure, safe and convenient way to attend hearings remotely. A key element of the Court's Access LACourt YOUR WAY program to provide services and access to justice, LACourtConnect is intended to enhance social distancing and change the traditional in-person courtroom appearance model. See https://my.lacourt.org/laccwelcome for more information.

This Complex Courtroom does not use Los Angeles Superior Court's Court Reservation ("CRS") portal to reserve motion hearing dates. Rather, counsel may secure dates by calling the Courtroom Assistant at 213-310-70xx with the "xx" being the Department number, e.g. Dept. 1 is 01 and Dept. 10 is 10.

Court reporters are not provided for hearings or trials. The parties should make their own arrangements for any hearing where a transcript is desired.

If you believe a party or witness will need an interpreter, see the court's website for information on how to make such a request in a timely manner. https://www.lacourt.org/irud/UI/index.aspx

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
**Civil Division**
Central District, Spring Street Courthouse, Department 9

**25STCV03930**                                                    February 24, 2025
**MIGUEL ESPARZA vs CHARTER COMMUNICATIONS,**                                   9:00 AM
**INC.**

Judge: Honorable Elaine Lu                    CSR: None
Judicial Assistant: E. Martinez               ERM: None
Courtroom Assistant: M. Tavakoli              Deputy Sheriff: None

Counsel are directed to access the following link for further information on procedures in the Complex litigation Program courtrooms: https://www.lacourt.org/division/civil/CI0042.aspx.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within seven (7) days of service.

Clerk's Certificate of Service By Electronic Service is attached.

---

Minute Order                                                          Page 3 of 3

## PROOF OF SERVICE

### Miguel Esparza v. Charter Communications, Inc.

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 10100 Santa Monica Boulevard, Suite 500, Los Angeles, California 90067.

On March 19, 2025, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Todd M. Friedman                        Attorneys for Plaintiff MIGUEL
Adrian R. Bacon                         ESPARZA
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, California 91364
Tel:  (323) 306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Thompson Coburn LLP for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 19, 2025, at Los Angeles, California.


                                        /s/ Blanca Gutierrez
                                        Blanca Gutierrez