UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-02438-JLS-PVC                              Date: August 08, 2025
Title: Miguel Esparza v. Charter Communications, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 23)**

Before the Court is a Motion to Dismiss filed by Defendant Charter Communications, Inc. (Mot., Doc. 23.) Plaintiff Miguel Esparza opposed, and Defendant replied. (Opp., Doc. 24; Reply, Doc. 25.) The Court held a hearing on August 8, 2025. Having taken the matter under submission, and for the following reasons, the Court GRANTS the Motion.

**I.     BACKGROUND**

Plaintiff filed this putative class action against Defendant in Los Angeles Superior Court on February 13, 2025, alleging a violation of the California Invasion of Privacy Act ("CIPA"). (Ex. A to Notice of Removal ("NOR"), Doc. 1 at 8.) Plaintiff served Defendant with the Complaint on February 18, 2025. (*Id.* ¶ 1.) Defendant removed the action to federal court on March 19, 2025, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). (*Id.* at 1.) Plaintiff filed a First Amended Complaint ("FAC") on May 2, 2025. (FAC, Doc. 13.)

Defendant "owns, operates, and controls" the website spectrum.com. (FAC at 1; *id.* ¶ 4.) Defendant partners with a third-party company called Asapp to embed Asapp's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-02438-JLS-PVC                                    Date: August 08, 2025
Title:  Miguel Esparza v. Charter Communications, Inc.

"chat technology code into [a] chat feature" on Defendant's website.  (*Id.* ¶ 9.)  Asapp's product is "a type of automatic routing software that automatically acquires and transmits user chat communications without any active input from either Defendant's employees, agents, or human representatives."  (*Id.* ¶ 10.)  "Visitor PII and [] tracking ID" are also sent to Asapp servers.  (*Id.* ¶ 12.)  Once chat communications are routed to Asapp's servers, Asapp's code "enables and allows Asapp to secretly intercept in real time, eavesdrop upon, and store transcripts of consumers' chat communications they think they are having with Defendant[.]"  (*Id.* ¶¶ 10, 17.)

Asapp's "chat technology" uses "[s]elf-improving" artificial intelligence, which allows for the automation of "'up to 90% of customer requests.'"  (*Id.* ¶¶ 16, 24.)  The technology "analyzes" chat inputs made by visitors to Defendant's website "to determine what response the chat bot should give, and then communicates that response back to Defendant's website."  (*Id.* ¶ 18.)  The response is then "displayed in the chat box for [consumers] to read."  (*Id.* ¶ 35.)

In addition to "real time" chat communications, Plaintiff further alleges that "Asapp uses its record" of user interactions "for data analytics and marketing/advertising to consumers[.]"  (*Id.* ¶ 15.)  "[A]ll Asapp chat bots" also learn from the messages that consumers send" so as to "better understand what customers are asking [and] better resolve customer issues."  (*Id.* ¶ 22; *see also id.* ¶ 27.)

On August 21, 2024, Plaintiff used Defendant's "chat feature" to conduct "a brief conversation" while "physically within California."  (*Id.* ¶¶ 3, 33.)  Specifically, "Plaintiff asked the chat feature several questions about what TV options are available for deaf people."  (*Id.* ¶ 33.)  Defendant routed Plaintiff's chat inputs "instantaneously" to Asapp.  (*Id.* ¶ 34.)  At no time did Defendant advise Plaintiff that "the chat was monitored, intercepted, or recorded," nor obtain Plaintiff's consent for such actions. (*Id.* ¶¶ 3, 36–37; *see also id.* ¶¶ 10, 11.)  Plaintiff alleges that the recording of his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-02438-JLS-PVC                                                                 Date: August 08, 2025
Title:  Miguel Esparza v. Charter Communications, Inc.

communications without his consent "invaded [his] privacy" leading him to suffer "an injury in fact"; he "felt upset, disturbed, and/or violated[.]"  (*Id.* ¶¶ 39–41.)

Plaintiff now brings one claim for violation of CIPA Section 631(a) on behalf of "[a]ll persons who communicated with Defendant using the chat feature on Defendant's Website while physically located in California within the statute of limitations period." (*Id.* ¶¶ 45, 51–57.)  Plaintiff alleges that Asapp "violated the second clause of section 631(a)" and that "Defendant violates the fourth clause [of that section] because it 'aids, agrees with, employs or conspires with'" Asapp to allow the interception of chat communication content on spectrum.com.  (*Id.* ¶ 51.)

## II.     LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).  The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (cleaned up).

## III.    ANALYSIS

### A. CIPA

Section 631(a) of CIPA imposes liability for four kinds of wiretapping.  As relevant here, the second and fourth clauses of the Section impose liability on any person who:

- [W]illfully and without the consent of all parties to the communication, or in any unauthorized manner, reads, or attempts to read, or to learn the contents or meaning of any message, report, or communication while the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-02438-JLS-PVC                                            Date: August 08, 2025
Title:  Miguel Esparza v. Charter Communications, Inc.

---

same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place within this state; or

- [A]ids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section[.]

Cal. Penal Code § 631(a); *see also Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978) (describing Section 631(a) as "prescrib[ing] criminal penalties for three distinct and mutually independent patterns of conduct").

Any person "injured by a violation of" CIPA "may bring an action[.]"  Cal. Penal Code § 637.2(a).  "[T]he greater of" statutory or actual damages may be recovered in an action under CIPA; however, "[i]t is not a necessary prerequisite to an action" that a plaintiff have "suffered, or be threatened with, actual damages."  Cal. Penal Code § 637.2(a),(c).

**B. Failure to State a Claim**

Defendant first argues that Plaintiff lacks statutory standing to bring a claim under CIPA because he fails to "adequately plead any cognizable injury[.]"  (Mot. at 14.)  Because CIPA provides a private right of action to any person "injured by a violation of" the statute, Defendant argues that Plaintiff "must have pleaded," and has failed to plead "some concrete injury[.]"  (*Id.* at 16 (emphasis omitted)); *see also* Cal. Penal Code § 637.2(a).

But the Court need not decide whether CIPA requires Plaintiff to plead "some concrete injury" apart from a violation of the statute itself, as Plaintiff's claim must be dismissed for failure to plausibly allege a violation of CIPA at all.  Section 631 applies "only to eavesdropping by a third party and not to recording by a participant to a conversation."  *Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (Ct. App. 1979); *see also Rogers v. Ulrich*, 52 Cal. App. 3d 894, 898–99 (Ct. App. 1975); *Ribas*, 38 Cal. 3d at 360

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-02438-JLS-PVC                                         Date: August 08, 2025
Title:  Miguel Esparza v. Charter Communications, Inc.

n. 3; *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1081 (C.D. Cal. 2023) (collecting cases affirming that a party to a conversation "cannot eavesdrop on its own conversation"). A "participant" to a conversation is a "party to that conversation." *See Rogers*, 52 Cal. App. 3d at 899.  By contrast, "direct recipient[s] of [a] speaker's communication" remain third-parties to the communication when they eavesdrop on such communication, e.g. perform an act akin to "press[ing] up against a door to listen[.]" *Revitch v. New Moosejaw, LLC*, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019).

      Here, Plaintiff's allegations suggest that Asapp's conversational AI technology is a participant to the chat conversation rather than an eavesdropper. Plaintiff alleges that Asapp "communicate[s] … response[s] back to Defendant's website" for "display[] in the chat box for Plaintiff to read." (*Id.* ¶¶ 18, 35.) "Asapp's product … automatically acquires and transmits user chat communications without any active input from either Defendant's employees, agents, or human representatives." (*Id.* ¶ 10.)

      Because Plaintiff's FAC appears to allege that Asapp is a party to the conversation acting as an agent of Defendant, this case differs from those involving consumers' chat communications to human customer support agents who are then supported by an undisclosed third-party chat software. *See, e.g.*, *Yockey v. Salesforce, Inc.*, 688 F. Supp. 3d 962, 968 (N.D. Cal. 2023). In such cases, courts determine whether software providers are third-party eavesdroppers with reference to either the "extension" or "capability" test. *See Byars v. Hot Topic, Inc.*, 656 F. Supp. 3d 1051, 1068 (C.D. Cal. 2023) (applying extension test, which asks whether the provider acts as a "tool" allowing defendant "to record and analyze its own data in aid of [its] business") (citation and quotation omitted); *Yockey*, 688 F. Supp. 3d at 972–73 (applying capability test which asks whether the third party "has the capability to use its record of the interaction for any other purpose.") (citation and quotation omitted). Here, however, the Court need not employ either test to determine whether Asapp was a party to the communications at issue because Plaintiff's allegations do not give rise to a plausible inference that Asapp was a third party to the communications at all. (*See* FAC ¶ 18 (alleging that Asapp "communicat[es] … response[s]"; *see also id.* ¶¶ 10, 35.)  Asapp thus cannot be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-02438-JLS-PVC                                      Date: August 08, 2025
Title:  Miguel Esparza v. Charter Communications, Inc.

considered an eavesdropper, and Section 631(a) inapplicable.  *See Warden*, 99 Cal. App. at 811.

### C. Leave to Amend

Courts are to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2); *see also Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1051 (9th Cir. 2003) (indicating that the Rule 15(a)(2) policy is to be applied with "extreme liberality").  But Rule 15's "liberality does not apply when amendment would be futile." *Ebner v. Fresh, Inc*., 838 F.3d 958, 968 (9th Cir. 2016).  A proposed amendment is futile where "no set of facts can be proved under the amendment that would constitute a valid claim."  *Abels v. JBC Legal Grp., P.C*., 229 F.R.D. 152, 157 (N.D. Cal. 2005).

The FAC's allegations are insufficient to plausibly support an inference that Asapp is a third-party eavesdropper on Plaintiff's chat communications.  However, additional clarity as to Asapp's role in the chat communications may suffice to allege a valid claim, and for this reason amendment would not be futile.  Plaintiff is accordingly granted leave to amend his FAC.

### IV. CONCLUSION

For the above reasons, Plaintiff's FAC is DISMISSED WITH LEAVE TO AMEND.  Any amended complaint shall be filed within **fourteen (14) days** of the date of this Order.

Initials of Deputy Clerk: kd