**THOMPSON COBURN LLP**
**LUKAS SOSNICKI (SBN 295895)**
lsosnicki@thompsoncoburn.com
**JOSE L. LUA-VALENCIA (SBN 324087)**
jlua-valencia@thompsoncoburn.com
10100 Santa Monica Boulevard, Suite 500
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Defendant CHARTER COMMUNICATIONS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MIGUEL ESPARZA,<br><br>    Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC, a Delaware corporation d/b/a SPECTRUM.COM,<br><br>    Defendant. | Case No. 2:25-cv-02438-JLS-PVC<br><br>**STATEMENT OF RECENT DECISION IN SUPPORT OF CHARTER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |

In furtherance of Defendant Charter Communication, Inc.'s ("Charter") Motion to Dismiss Plaintiff Miguel Esparza's ("Plaintiff") Second Amended Complaint ("Motion"), Charter respectfully submits for the Court's consideration a recent decision from the United States District Court for the Central District of California in *Mike Goldstein v. Rumble Inc.*, Case No. 2:25-cv-06304-NWF-SK. A copy of the decision is attached hereto as **Exhibit A**. This decision, issued after the filing of Charter's reply brief in support of the Motion, is directly relevant to Charter's argument that the Second Amended Complaint fails to plead *either* that Asapp actually uses or has the capability to use the webchat data at issue for its own purposes, rendering Asapp subject to CIPA Section 631(a)'s "party exemption."

DATED: November 12, 2025            **THOMPSON COBURN LLP**

By:     */s/ Jose Lua-Valencia*

**LUKAS SOSNICKI**
**JOSE LUA-VALENCIA**
Attorneys for Defendant CHARTER COMMUNICATIONS, INC.

# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-06304-MWF (SKx)            **Date:** November 6, 2025
**Title:** Mike Goldstein v. Rumble Inc.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:            Court Reporter:
Rita Sanchez            Not Reported

Attorneys Present for Plaintiffs:            Attorneys Present for Defendants:
None Present            None Present

**Proceedings (In Chambers):**    ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [20]

Before the Court is a Motion to Dismiss (the "Motion"), filed by Defendant Rumble Inc. on August 18, 2025. (Docket No. 20). Plaintiff Mike Goldstein filed an Opposition on September 18, 2025. (Docket No. 21). Rumble filed a Reply on October 9, 2025. (Docket No. 22).

The Court has read and considered the papers filed in connection with the Motion and held a hearing on **November 3**, **2025**.

The Motion is **GRANTED** *with leave to amend.* The Complaint contains insufficient allegations that plausibly depict the Meta Pixel as an independent third party rather than a tool used by Rumble. And because Rumble was itself a party to the relevant communications, it cannot be liable under CIPA section 631(a).

## I. BACKGROUND

Goldstein initiated this action on May 29, 2025. (*See* Complaint (Docket No. 1-1)). The Court summarizes the allegations of the Complaint in the light most favorable to Goldstein as follows:

Rumble owns and operates www.rumble.com, an online video-viewing platform. (*Id.* ¶ 2). Goldstein alleges that Rumble "has knowingly installed" tracking technology

---

**CIVIL MINUTES—GENERAL**            1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-06304-MWF (SKx)                    Date:  November 6, 2025
Title: Mike Goldstein v. Rumble Inc.

such as the Meta Pixel "to intercept, collect, and disclose" its website visitors' personally identifiable information ("PII") and viewing history. (*Id.* ¶ 3).

The Meta Pixel is a piece of code that Rumble integrates into its website. (*Id.* ¶ 21). When a visitor views a Rumble video, the Meta Pixel allegedly tracks the visitor's PII and viewing information, such as the page URL, the title of the video watched, and the visitor's unique identity, and then transmits that data to Meta. (*Id.* ¶¶ 21–23). As a result, Goldstein alleges that when a visitor expects that they are communicating solely and directly with Rumble, the contents of their communications with Rumble "are in fact being disclosed to, and intercepted by, undisclosed third parties including Meta." (*Id.* ¶ 26). Rumble does not obtain a visitor's prior consent to disclose such information. (*Id.* ¶ 25).

Goldstein alleges that he personally visited and viewed videos on the Rumble website within the past year before filing the Complaint. (*Id.* ¶ 29). Goldstein alleges that he and others were not provided with a notice or opportunity to consent to the sharing and disclosing of their PII. (*Id.* ¶ 18).

Based on these allegations, Goldstein brings a single claim for relief against Rumble for violations of the California Invasion of Privacy Act ("CIPA"), California Penal Code section 631(a). (*Id.* ¶¶ 49–56). Goldstein brings this action individually and on behalf of a class of "[a]ll persons within the state of California who, during the relevant limitations period, visited www.rumble.com and requested or viewed video contents." (*Id.* ¶ 38).

## II.     LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-06304-MWF (SKx)                    Date:  November 6, 2025
Title: Mike Goldstein v. Rumble Inc.

at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief.  See *Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### III.   DISCUSSION

CIPA section 631(a) "prohibits any person from using electronic means to 'learn the contents or meaning' of any 'communication' 'without consent' or in an 'unauthorized manner.'" *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 607 (9th Cir. 2020) (quoting Cal. Pen. Code § 631(a)), *cert denied sub nom. Facebook, Inc. v. Davis*, 141 S. Ct. 1684 (2021).  Section 631(a) contains four mechanisms for imposing liability: (1) intentional wiretapping; (2) willful and nonconsensual reading of the contents of communications in transit; (3) using information obtained in violation of the statute; and (4) aiding and abetting violations.  Cal. Penal Code § 631(a).

Rumble argues that it cannot be liable under the first three clauses of section 631(a) because Rumble itself was a party to the communications at issue.  (Motion at 5–6; *see also* Complaint ¶ 26).  Goldstein concedes this point, instead clarifying that his theory of liability arises solely under the fourth clause of the statute, which is based on Rumble's aiding and abetting of Meta's eavesdropping in violation of the second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-06304-MWF (SKx)Date: November 6, 2025
Title: Mike Goldstein v. Rumble Inc.

---

clause. (Opp. at 4; *see also id.* at 4 n.1). Rumble responds that it still cannot be liable under the fourth clause because the Meta Pixel is a tool rather than a third-party eavesdropper that Rumble has aided and abetted. (Motion at 14–17).

"California law is well[-]settled that a party to the communication is not liable for recording their own conversation under section 631(a), however, a party may be held vicariously liable under the fourth clause where it 'aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things' prohibited in the previous three clauses." *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1081 (C.D. Cal. 2023) (quoting Cal. Penal Code § 631(a)). Still, district courts in the Ninth Circuit appear divided on the application of the fourth clause "in the context of suits against website owners who use third-party codes on their websites to record customer data." *Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1015–17 (C.D. Cal. 2023) (collecting cases).

This division stems from the typology created by two seminal California cases construing section 631(a). In *Rogers v. Ulrich*, 52 Cal. App. 3d 894, 125 Cal. Rptr. 306 (1975), the court held that a defendant who recorded a telephone call via tape recorder could not be liable under section 631(a) because a person cannot eavesdrop on his own conversation. *Id.* at 899. By contrast, in *Ribas v. Clark*, 38 Cal. 3d 355, 212 Cal. Rptr. 143 (1985), the California Supreme Court held that a wife's friend who listened in on an extension line to a conversation between the wife and her husband was a third-party listener who violated section 631(a). *Id.* at 361.

Modern cases involving embedded tracking software, pixels, chatbots, or similar technologies apply the same framework, essentially asking "whether a third party who intercepts a communication is more akin to the tape recorder in *Rogers* or the friend in *Ribas*." *Heiting*, 709 F. Supp. 3d at 1016 (cleaned up). When website code is used to merely store or relay information for the website itself, courts treat that code akin to a tape recorder or tool used by the site and thus find no third-party interception. *See, e.g.*, *Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d at 1083 (finding third-party chat software provider was covered by party exception because software functioned more like a tape recorder, given it was not alleged to have harvested data for its own use);

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-06304-MWF (SKx)                    Date:  November 6, 2025
Title: Mike Goldstein v. Rumble Inc.

*Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 832 (N.D. Cal. 2021); *Yale v. Clicktale, Inc.*, No. CV 20-07575-LB, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15, 2021).  But when data is transmitted to an independent entity that uses or is capable of using the data for that entity's own purposes, courts treat the third-party code as an eavesdropper and allow aiding and abetting claims to proceed against the website's owner.  *See, e.g.*, *Javier v. Assurance IQ, LLC*, 649 F. Supp. 3d 891, 900 (N.D. Cal. 2023) (software provider was true third party eavesdropper where it could use the information it collected from the defendant for other purposes); *In re Facebook*, 956 F.3d at 601 (third party captured data and then used data for its own benefit by reselling the aggregated data); *see also Yockey v. Salesforce, Inc.*, 688 F.Supp.3d 962, 972–73 (N.D. Cal. Aug. 25, 2023) (discussing this distinction).

Therefore, to survive a motion to dismiss in this context, "a plaintiff must have plausibly alleged that the third-party software provider had the capability to use the communications for another purpose" other than to record and store them for the website owner.  *Heiting*, 709 F. Supp. 3d at 1016; *Yockey*, 688 F.Supp.3d at 972–73 ("If Salesforce can use its records of the communications for any purpose other than to furnish information relating to those communications to Kaiser, than it is more like the wife in *Ribas* who allowed [her friend] to eavesdrop").  A complaint need not "plead with great particularity exactly what a third-party software company is capable of doing with data gathered from defendant's website[.]"  *Heiting*, 709 F. Supp. 3d at 1017.  "However, a plaintiff still must have at least pled some non-conclusory factual allegations to support the use capabilities of the third-party software company involved."  *Id.*

Here, Goldstein alleges that Rumble "programmed" the Meta Pixel into its website "to read or learn the contents or meaning of messages, reports, or communications" between Rumble and its visitors.  (Complaint ¶ 51).  Goldstein alleges that Rumble's use of the Meta Pixel "result[ed] in the disclosure of user communications to third parties" (*id.* ¶ 54), "including Meta." (*Id.* ¶ 26).  These allegations invoke the *Ribas* framework by labeling Meta a "third party," but the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-06304-MWF (SKx)                    Date: November 6, 2025
Title: Mike Goldstein v. Rumble Inc.

Complaint lacks any factual allegations pertaining to Meta's ability to use the information obtained by the Pixel on Rumble's website for its own purposes.

Indeed, there are no allegations as to what Meta did or was capable of doing after such disclosure occurred. The Complaint does not specify, for example, that Meta was able to use the data independently for advertising analytics. To the contrary, Goldstein's allegations suggest that the Meta Pixel only uses relevant communications for the benefit of Rumble and at Rumble's further direction. The Complaint alleges that Rumble uses the Meta Pixel so that it "can target specific users with tailored advertisements" (*id.* ¶ 4), and increase "its advertising presence on other platforms." (*Id.* ¶ 54).

Goldstein essentially asks this Court to conclude that the alleged disclosure alone is enough to plausibly allege that Meta acted — or was capable of acting — as an independent eavesdropper. But the case law suggests the contrary. *See Heiting*, 709 F. Supp. 3d at 1017 (dismissing section 631(a) claim where allegations about third-party capabilities were conclusory "and do not allow for the inference that [it] has the capability to use, as opposed to store, data for its own business model."); *Yockey*, 688 F. Supp. 3d at 973 (plaintiffs failed to state a claim because the "allegations d[id] not support a reasonable inference that [the software provider vendor] has the capability to use these communications for any purpose other than furnishing them to [the defendant service]"); *Graham*, 533 F. Supp. 3d at 832 (dismissing section 631(a) claim where the alleged third party merely "provides a software service that captures its clients' data, hosts it on [its] servers, and allows the client to analyze their data.").

Without additional factual detail, the Court is unable to place the Meta Pixel along the line between *Rogers* and *Ribas* as either an instrument or a true third-party eavesdropper. The allegation that data was disclosed to Meta is consistent with both possibilities, and a plaintiff cannot state a claim by relying on allegations that are merely consistent with liability when they are also consistent with an alternative, lawful explanation. *Eclectic Props.*, 751 F.3d at 996–97. "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-06304-MWF (SKx)                    Date:  November 6, 2025
Title: Mike Goldstein v. Rumble Inc.

in order to render plaintiffs' allegations plausible." *Id.* (internal quotation marks and citations omitted).  The Complaint here does not contain "[s]omething more."

Goldstein points out (Opp. at 10–11) that whether the Meta Pixel ultimately functions as Rumble's tool or as a third-party eavesdropper is a factual question that will turn on evidence beyond the pleadings.  *See Gray v. Luxottica of Am., Inc.,* No. CV 24-00160-MRA (DFMx), 2024 WL 5689566, at *6 (C.D. Cal. Dec. 16, 2024).  Still, the Complaint must contain sufficient factual matter to make the inference of third-party interception plausible at the pleading stage.

The absence of additional allegations also distinguishes this action from the authorities cited by Goldstein.  In *Gray*, which concerned the Meta Pixel, the relevant complaint included allegations that the Pixel transmitted users' data to Meta and that Meta then used the data to place users into advertising groups "targeted by other Facebook advertisers." *Id.* at *6.  No such allegations are present here.  Other cases cited by Goldstein do not appear to engage with the relevant pleading standard discussed above.  *See Revitch v. New Moosejaw, LLC*, No. CV 18-06827-VC, 2019 WL 5485330, at *2 (N.D. Cal. Oct. 23, 2019); *Mata v. Zillow Grp., Inc.*, No. CV 24-01095-DMS-VET, 2024 WL 5161955, at *6–7 (S.D. Cal. Dec. 18, 2024).

Accordingly, Goldstein has not adequately pled factual allegations to support the Meta Pixel's capabilities to function as anything other than a tape recorder, storing data for Rumble's own future advertising efforts.  Because Rumble was itself a party to the relevant communications, it cannot be liable under CIPA section 631(a) based on the current allegations.

## IV.  LEAVE TO AMEND

Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).  The Supreme Court identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-06304-MWF (SKx)                              Date:  November 6, 2025
Title: Mike Goldstein v. Rumble Inc.

to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  Of these, "the consideration of prejudice to the opposing party carries the greatest weight."  *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Eminence Cap., LLC*, 316 F.3d at 1052); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (indicating a court should explain reasons for denying leave to amend).

Here, these factors weigh in favor of amendment.  There is no indication of bad faith, there would be no undue delay, Rumble would not be prejudiced, and Goldstein has not previously amended his complaint.  Moreover, because this Order primarily concerns the specificity of Goldstein's allegations, the Court cannot conclude that amendment would be futile.  Goldstein may very well be able to, for example, allege additional facts to adequately plead that the Meta Pixel functions as a third party capable of using the recorded information for its own means.

### V.     CONCLUSION

The Motion is **GRANTED** *with leave to amend.*  Goldstein may file a First Amended Complaint ("FAC") by no later than **December 5, 2025**.  Rumble shall respond to the FAC, if filed, by no later than **January 5, 2025**.

Failure to file an FAC by December 5, 2025, will be construed as an intention to stand on the existing allegations.

IT IS SO ORDERED.

# PROOF OF SERVICE

## Miguel Esparza v. Charter Communications, Inc.

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 10100 Santa Monica Boulevard, Suite 500, Los Angeles, California 90067.

On November 12, 2025, I served true copies of the following document(s) described as **STATEMENT OF RECENT DECISION IN SUPPORT OF CHARTER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on the interested parties in this action as follows:

Todd M. Friedman                    Attorneys for Plaintiff
Adrian R. Bacon                     MIGUEL ESPARZA
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, California 91364
Tel: (323) 306-4234
tfriedman@toddflaw.com
abacon@toddflaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 12, 2025, at Los Angeles, California.

                                             */s/ Blanca Gutierrez*
                                             Blanca Gutierrez